PHILLIP AYALA *vs.* COMMONWEALTH. July 31, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Phillip Ayala appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm.

Ayala has been charged with murder in the first degree and other offenses. On the day that jury selection was to begin, counsel was made aware that a person who had previously been identified as a Commonwealth witness was a paid Federal informant who, according to Ayala, has stated that Ayala is innocent of the murder charge. After his efforts to obtain information from the Commonwealth about this person were unsuccessful, Ayala sought and obtained summonses pursuant to Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979), which were issued to various Federal law enforcement agencies. The United States Attorney's office filed a motion to quash the summonses. A judge in the Superior Court allowed the motion without prejudice and denied Ayala's subsequent motion for reconsideration. Ayala's G. L. c. 211, § 3, petition followed.

The case is before us on Ayala's memorandum and record appendix[1] pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Ayala has not met his burden under the rule. If, as Ayala argues, he was entitled to and was wrongly denied the information he sought, any violation can be fully remedied on appeal from a conviction.[2] The single justice did not abuse her discretion or commit any other error of law in denying relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Greg T. Schubert* for the petitioner.

___

[1]Ayala's record appendix does not include key items from the proceedings in the county court. In particular, it omits Ayala's petition, the Commonwealth's response thereto, and the single justice's decision. These deficiencies do not affect our decision in this case.

[2]Moreover, Ayala may have other means at his disposal to obtain the information he seeks. The Federal agencies have indicated that they would consider a request submitted by the defendant pursuant to 5 U.S.C. § 301 (2006) and 28 C.F.R. §§ 16.21-16.29 (2008) (prescribing procedure for requesting information from Federal government in cases where United States is not party).